IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARTER P. AND SARAH REESE | : | |
| | : | |
| Plaintiffs | : | |
| v. | : | CIVIL ACTION NO. 5:14-cv-05715-LS |
| | : | |
| POOK & POOK, LLC, et al. | : | |
| | : | |
| Defendants | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MIKE CAFFARELLA'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Mike Caffarella has moved to dismiss the First Amended Complaint filed

against him on the basis that it fails to state a claim upon which relief can be granted.  This

Memorandum is submitted in support of Defendant's Motion.

I.      **BACKGROUND**

The material facts alleged by Plaintiffs which relate to the claims against Mr. Caffarella

are as follows:

1.      Plaintiffs are collectors of antique toys.

2.      In connection with a Chapter 11 bankruptcy filing, Plaintiffs were permitted to

sell a portion of their collection.

3.      Plaintiffs hired Pook & Pook, Inc. as the auctioneer for the sale of the collectibles.

4.      Pook & Pook, in turn, hired Jay Lowe and Mr. Caffarrella as consultants to assist

with the sale, apparently against Plaintiffs' wishes. (Amended Complaint, par. 54-55).

5.      Plaintiffs allege that Mr. Lowe and Mr. Caffarella were responsible for the set-up

and display of the sale.  (Amended Complaint, par. 56).

6.    Plaintiffs allege that the set-up and display consisted of unmatched parts of various multi-part toys.  (Amended Complaint, par. 57).

7.    Plaintiffs contend that the deliberate disorganization of the materials led to the auction not yielding the revenues which Plaintiffs had expected.  (Amended Complaint, par. 72).

8.    Plaintiffs allege that Mr. Lowe, either on his own or behalf of a partnership between himself and Mr. Caffarella, engaged in self-dealing by attending the sale and purchasing items at deflated prices.  (Amended Complaint, par. 58).

9.    Plaintiffs further allege that Mr. Lowe engaged in the promotion of one of his "Newtiques" by placing a picture of a Burning Building toy, previously owned and restored by Mr. Lowe, on the cover of the auction catalog.  Plaintiffs do not allege that Mr. Caffarella was involved in the selection of the cover photograph.

10.   The remainder of Plaintiffs' Amended Complaint deals with a magazine article in which Mr. Lowe and an employee of Pook & Pook allegedly made disparaging comments concerning the quality of Plaintiffs' collection.  Mr. Caffarella is not quoted in the article, and Plaintiffs do not allege that he had any involvement or participation in its publication or the article's content.

Despite these very limited allegations, Plaintiffs have named Mr. Caffarella as a Defendant to 11 separate causes of action, including: (1) Civil Conspiracy; (2) a violation of the Lanham Act, 15 U.S.C. §1125; (3) Unfair Competition; (4) a violation of the Sherman Antitrust Act, 15 U.S.C. §1; (5) Commercial Disparagement; (6) False Light; (7) Injurious Falsehood; (8) Breach of Fiduciary Duty; (9) Negligence; (10) Breach of Contract; and (11) Unjust Enrichment.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule 12(b)(6) is to test the legal

sufficiency of a complaint.  Sturm v. Clark, 835 F.2d 1009, 1011 (3rd Cir. 1987).  The Court

may grant a motion to dismiss where the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief.  Carino v. Stefan, 376 F.3d 156, 159 (3rd Cir. 2004).  In

deciding a motion to dismiss, the Court must accept the factual allegations in the complaint as

being true and draw all reasonable inferences therefrom in favor of the plaintiff.  Allah v.

Seiverling, 229 F.3d 220, 223 (3rd Cir. 2000).  However, the Court is not required to accept

"bald assertions" or "vague and conclusory allegations" as true.  Morse v. Lower Merion School

District, 132 F.3d 902, 906 (3rd Cir. 1997); In re Rockefeller Center Properties, Inc., 311 F.3d

198, 216 (3rd Cir. 2002).[1]  Under the standards set forth above, Plaintiffs' Amended Complaint

must be dismissed for failure to state a claim upon which relief can be granted.

## III.   ARGUMENT

### A.   Civil Conspiracy

In order to establish an action for civil conspiracy, Plaintiffs must allege (1) a

combination of two or more persons acting with a common purpose to do an unlawful act or to

do a lawful act by unlawful means; (2) an overt act done in pursuance of the common purpose;

and (3) actual legal damage.  Giordano v. Claudio, 714 F.Supp.2d 508, 534 (E.D. Pa. 2010).

Plaintiffs must also show actual malice or an intention to cause them injury.  Id.

Here, Plaintiffs have failed to set forth any facts which show a civil conspiracy.  There is

no identification of an unlawful act, an unlawful means, or a common purpose.  Moreover, since

---

[1]      The Pook and Pook Defendants have also moved to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1)
due to a lack of subject matter jurisdiction as the result of Plaintiffs' failure to obtain leave of the bankruptcy court
prior to filing this action.  Mr. Caffarella joins in that Motion.

the independent causes of action listed in Counts 2 through 11 of the Amended Complaint are invalid, there is no basis for a civil conspiracy action using those causes of action of predicates.[2] As such, the civil conspiracy claim cannot move forward against Mr. Caffarella.

**B.    Lanham Act.**[3]

In order to establish an actionable claim for false advertising under the Lanham Act, a plaintiff must show that a defendant engaged in commercial speech consisting of false or misleading statements concerning a product which is intended to deceive a purchaser and negatively influence purchasing decisions.  McNulty v. Citadel, 58 Fed. Appx. 556, 565-66 (3rd. Cir. 2003).  Here, Plaintiffs have made no allegations whatsoever that Mr. Caffarella engaged in any kind of commercial speech.  He is not alleged to have had any involvement in the magazine article, and there is no indication that he made any commercial statements of any kind which were intended to negatively influence purchasers of Plaintiffs' collection.  As such, this claim cannot proceed against him.

**C.    Unfair Competition.**

An unfair competition claim is a state law companion to the Federal Lanham Act.  Allen-Myland, Inc. v. IBM Corp., 746 F.Supp. 520 (E.D. Pa. 1990).  As such, it is necessary to demonstrate the existence of false and misleading statements in order to sustain a cause of action under this common law claim.  Plaintiffs do not allege any misstatements by Mr. Caffarella, thereby necessitating the dismissal of this claim against him.

---

[2]    For example, in order to establish a conspiracy to violate the Sherman Act, Plaintiffs must necessarily show that the Sherman Act was in fact violated.

[3]    Both Pook & Pook and Mr. Lowe have filed Memoranda extensively discussing the Lanham Act.  The analysis contained in their respective memoranda is equally applicable to Mr. Caffarella.

D.    **Sherman Act.**

Defendants Pook & Pook and Jay Lowe have both filed Memoranda seeking the

dismissal of the Sherman Act claims against them.  Mr. Caffarella joins in these well-considered

arguments and submits to the Court that they are equally applicable to him.

E.    **The "False Statement" Claims.**

In Counts V, VI and VII, Plaintiffs allege claims for commercial disparagement, false

light and injurious falsehood.  These claims, all of which are duplicative of each other, are

subject to a one-year statute of limitations.  42 Pa. C.S.A. §5523.  Since the auction in question

took place on September 7, 2013, at which time any work performed by Mr. Caffarella was long

completed, Plaintiffs' claims under these common law causes of action are time-barred, as the

initial Complaint was not filed until October 7, 2014.

Moreover, Mr. Caffarella is not alleged to have made any disparaging or false statements,

either within or outside the limitations period.  He is not quoted in, or otherwise connected to, the

magazine article in any way.  As such, there are no facts in the record which would permit

Counts V, VI or VII to proceed against him.

F.    **Breach of Fiduciary Duty.**

In Count VIII, Plaintiffs allege a breach of fiduciary duty by Mr. Caffarella.  In order to

establish an actionable claim, Plaintiffs must demonstrate that a fiduciary relationship exists.

McDermott v. Party City Corp., 11 F.Supp.2d 612, 626 (E.D. Pa. 1998).  In this case, to the

extent that there was any fiduciary relationship, it existed between Plaintiffs and Pook & Pook,

the entity with which they contracted to conduct the sale.  There are no facts which suggest that

Mr. Caffarella owed any legal duty to Plaintiffs, that he had any form of contractual relationship

with Plaintiffs, or that Plaintiffs had placed any trust or confidence in him, such that a fiduciary

relationship could be deemed to exist.  Indeed, Plaintiffs allege that they informed Pook & Pook that they preferred not to have Mr. Caffarella working on the sale.[4]  (Amended Complaint, par. 54-55).

### G.    Negligence.

At Count IX of the Amended Complaint, Plaintiffs allege a common law claim of negligence.  In order to establish a negligence action, Plaintiffs must first show that Mr. Caffarella owed them a duty of care.  Gavella v. ARA Services, Inc., 756 A.2d 17, 22 (Pa. Super. 2000).  Since any work for the auction was completed by Mr. Caffarella in his capacity as a contractor engaged to perform work on behalf of Pook & Pook, he did not owe an independent duty of care to Plaintiffs.  As such, while a negligence action may theoretically proceed against Pook & Pook, there is no basis for the negligence claim to go forward against Mr. Caffarella individually.

### H.    Breach of Contract.

At Count X of the Complaint, Plaintiffs allege a breach of an implied covenant of good faith and fair dealing against Mr. Caffarella.  This claim arises out of alleged contractual duties.  In this case, there was no contract between Mr. Caffarella and Plaintiffs – at most, there was a contractual relationship between Mr. Caffarella and Pook & Pook, and a completely separate contractual relationship between Pook & Pook and Plaintiffs.  Since Plaintiffs were not parties to any agreement with Mr. Caffarella, Count X must be dismissed.

---

[4]    The breach of fiduciary duty claim, as well as the common law negligence claim discussed infra, should also be dismissed based on the gist of the action doctrine, which prohibits plaintiffs from recharacterizing contractual claims as tort causes of action.  Air Products & Chemicals, Inc. v. Eaton Metal Products Company, 256 F.Supp.2d 329, 340 (E.D. Pa. 2003).

### I.      Unjust Enrichment

Finally, at Count XI of the Complaint, Plaintiffs allege unjust enrichment.  This doctrine

is quasi-contractual in nature and is only applicable where a plaintiff first confers a benefit of

some kind upon a defendant, which benefit is then inequitably retained by that defendant.  Styer

v. Hugo, 619 A.2d 347, 350 (Pa. Super. 1993).  The Amended Complaint contains no allegations

that Plaintiffs conferred any benefit upon Mr. Caffarella, thereby invalidating this cause of

action.

## IV.   <u>CONCLUSION</u>

In conclusion, Mr. Caffarella is nothing more than a minor player on the outskirts of a

dispute between the other parties to this action.  Mr. Caffarella generally joins in the Motions

filed by the other Defendants in this matter.  Certainly, to the extent that the Court grants any or

all of the Motions to Dismiss filed by Pook & Pook and/or Mr. Lowe, such dismissal would also

be appropriate in Mr. Caffarella's case.  Moreover, even if the Court should allow any portion of

the Complaint to survive against either Pook & Pook or Mr. Lowe, the Court should remain

mindful that Mr. Caffarella is not alleged to have made any disparaging statements or to have

had any involvement with the magazine article which largely forms the basis for this action.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Amended

Complaint filed against him in its entirety with prejudice.

Respectfully submitted,

John L. Senft, Esquire
Senft Law Firm, LLC
105 Leader Heights Road
York, PA 17403
(717) 747-9048
(717) 741-1469

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum has been filed electronically and is available for viewing and downloading from the ECF system and that, on February 9, 2015, I caused a true and correct copy of the foregoing document to be served on the following persons by the following means:

Via the Court's ECF system:

Joseph A. O'Keefe, Esquire
O'Keefe, Miller & Thielen, P.C.
22 E. Main Street
Fleetwood, PA 19522

Stephen J. Shapiro, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, S#3600
Philadelphia, PA 19103-7286

Bernard J. Kubertz, Esquire
Eaton Peabody
80 Exchange St.
P.O. Box 1210
Bangor, ME 04402-1210

Mark E. Lovett, Esquire
Brubaker Connaughton Goss & Lucarelli LLC
480 New Holland Avenue, Suite 6205
Lancaster, PA 17602

David J. Shannon, Esquire
Jonathan E. Cross, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
2000 Market Street
Philadelphia, PA 19103

John L. Senft