IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARTER P. REESE, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. 14-5715 |
| | : | |
| POOK & POOK, LLC, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

**STENGEL, J.**                                                                                                                                                                           **September 22, 2016**

On January 27, 2016, I granted in part and denied in part a motion to dismiss filed by Defendant Mike Caffarella. Specifically, I granted the motion as to Count II (Lanham Act), Count III (unfair competition), Count IV (antitrust claims), Count V (commercial disparagement), Count VI (false light), Count VII (injurious falsehood), and Count X (breach of contract). I denied the motion as to Count I (conspiracy), Count VIII (breach of fiduciary duty), Count IX (negligence), and Count XI (unjust enrichment).

Defendant Caffarella has filed a motion to reconsider my decision, and the plaintiffs have responded. For the following reasons, I will grant the motion in part, and deny it in part.

A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-

Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); see also Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly).

First, Defendant Caffarella correctly points out that there is a discrepancy between the Memorandum and the Order in my disposition of Count VIII claiming a breach of fiduciary duty. In the body of the decision, I state:

> I find that the Reeses have failed to allege the plausible existence of a fiduciary relationship. . . They cannot plausibly assert that they placed trust in Caffarella when they allege and argue that P&P had absolute control over the auction and that it violated that trust by utilizing Caffarella's services against their wishes. Accordingly, Count VIII is dismissed against both Defendants.

Reese v. Pook & Pook, 14-5715, 2016 U.S. Dist. LEXIS 10275, *52-53 (E.D. Pa. January 27, 2016). In the Order, however, I inadvertently indicated that I denied the motion to dismiss Count VIII. Accordingly, I will grant the motion to reconsider in part, and enter an Amended Order which grants the motion to dismiss Count VIII as to Defendant Caffarella.

Next, Defendant Caffarella argues that the remaining counts against him should also be dismissed because he should be entitled to the same protection afforded by the Barton doctrine that the other individual owners, employees, and agents of Defendant Pook & Pook received. I disagree.

In my previous decision, I found that the claims against Defendants Pook & Pook, Ron Pook, Debra Pook, and James Pook fell within the "arising in a case under" category of bankruptcy jurisdiction. Id. at *16. I further found that because they were core claims, the Barton doctrine applied to them and leave of the bankruptcy court was required before instituting the claims. Id. at *17. Because it was apparent that the plaintiffs had not complied with that requirement, the claims against these four defendants were dismissed. Id. As I noted then, Defendant Caffarella previously ran from his relationship with the Pook Defendants, arguing that any fiduciary relationship:

> existed only between the Reeses and P&P, the entity with whom they contracted to conduct the sale. He argues there have been no facts alleged to suggest that he owed any such duty, that he had any form of contractual relationship with them, or that they had placed any trust or confidence in him, such that a fiduciary with them, or that they had placed any trust or confidence in him, such that a fiduciary relationship could be deemed to exist. Indeed, he notes, Plaintiffs have alleged they told P&P they did not want Caffarella involved in the sale.

Id. at 51 (citing Am.Compl. ¶¶ 54-55). In rejecting Defendant Lowe's claim that the intracorporate conspiracy doctrine barred the plaintiffs' claims, I found that there were no allegations that Defendants Lowe or Caffarella were Pook & Pook employees, and none of their alleged roles brought them within that doctrine. "At best," I determined, "Lowe could be deemed an agent of Pook & Pook acting in his individual capacity." Id. at *38. In the context of that sentence, it can reasonably inferred that Defendant Caffarella could not be deemed an agent of Pook & Pook. I also noted:

> [T]he Reeses discuss at length the terms of their agreement with P&P and how they placed their trust in

3

> P&P, in an attempt to establish that the company exercised absolute control over the auction. Notably absent from that discussion, however, is any mention of how that agreement, to which Caffarella was not a party, created a fiduciary duty between themselves and Caffarella. They cannot plausibly assert that they placed trust in Caffarella when they allege and argue that P&P had absolute control over the auction and that it violated that trust by utilizing Caffarella's services against their wishes.

Id. at *52-53. Defendant Caffarella cannot avoid liability here or escape defending his actions because there is no basis for him to be entitled to the same protection afforded by the Barton doctrine that the other individual owners, employees, and agents of Defendant Pook & Pook received. Accordingly, I will deny in part the motion for reconsideration as to the remaining claims against Defendant Caffarella.

    An appropriate Order follows.