IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARTER P. REESE, et al., | : | CIVIL ACTION |
|     Plaintiffs | : | |
| | : | |
| vs. | : | NO. 14-5715 |
| | : | |
| POOK & POOK, LLC, et al., | : | |
|     Defendants | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                    **February 16, 2017**

On January 27, 2016, in granting a motion to dismiss, I found that the plaintiffs' claims against Defendants Pook & Pook, LLC, Ron Pook, Debra Pook, and James Pook, arose "from their involvement in the auction sale of the [plaintiffs'] assets, and that their involvement arose from the Bankruptcy Court's Order approving Pook & Pook's appointment to conduct the sale."  See Reese, et al. v. Pook & Pook, et al., 158 F.Supp.3d 271, 283 (E.D. Pa. 2016).  I further found that the Bankruptcy Court for the Eastern District of Pennsylvania had exclusive jurisdiction over those claims.  Id.  Thus, because this court lacked jurisdiction and the plaintiffs failed to obtain the Bankruptcy Court's permission to proceed with the District Court litigation, I dismissed the claims.  Id. at 301.

On February 3, 2016, the plaintiffs filed an adversary complaint with the Bankruptcy Court bringing claims of civil conspiracy, breach of fiduciary duty, negligence, breach of contract, and unjust enrichment against the defendants.  See In re: Reese, Adv. No. 16-27, Document #1 (Bankr. E.D. 2016).  The defendants moved to

dismiss the adversary complaint.  Id. at #13, 14, 18.  After a hearing, the Honorable Richard E. Fehling, United States Bankruptcy Judge, denied the motions to dismiss and granted the plaintiffs permission to proceed in any court with the litigation initially brought before the District Court for the Eastern District of Pennsylvania.  Id. at #52.

The plaintiffs then filed a motion seeking "renewal, reinstatement, and/or removal from Bankruptcy Court the claims as against Defendants Pook & Pook, LLC, Ron Pook, Debra Pook, and James Pook."  See Document #62.  The plaintiffs ask "the court to utilize its inherent powers to reinstate [their] claims as against the Pook Defendants – as identically outlined in the Adversary Complaint."  In the alternative, the plaintiffs "seek the removal of the Adversary Complaint from the Bankruptcy Court and joined within this matter as it involves the identical parties and core operative facts."  There being no response from the defendants, I granted the motion, removed the action from suspense, set pretrial deadlines, and scheduled the trial.  See Document #66.

Shortly thereafter, the Pook Defendants requested that I vacate my Order because, as dismissed defendants, they no longer received electronic case filings, were unaware of the plaintiffs' motion, and wanted to file a response in opposition.  I granted that request, and the Pook Defendants filed a response.  See Document #75.

In that response, the Pook Defendants argue that the plaintiffs' complaint against them cannot be renewed, reinstated, or removed because the District Court lacked subject matter jurisdiction.  They insist that, now that the Bankruptcy Court has given its permission to pursue the claims, the plaintiffs are required to file a new complaint.

Finally, the Pook Defendants argue that the motion should be denied because I dismissed the original claims against them *with* prejudice.

I note that, although the claims against the Pook Defendants were dismissed due to the plaintiffs' procedural violation, they were not dismissed with prejudice, and the first amended complaint has not been dismissed in its entirety. Judge Fehling has given the plaintiffs permission to proceed in any court with the litigation initially brought here. Thus, the impediment to proceeding has been removed. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once on its own as a matter of course, but otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) also states, however, that "court[s] should freely give leave when justice so requires." Because it would seem that justice so requires in this action, I will construe the plaintiffs' motion to renew, reinstate, and/or remove the claims from Bankruptcy Court as a motion for leave to amend the complaint. Granting that motion for leave will provide the Pook Defendants with an opportunity to respond to the second amended complaint.

An appropriate Order follows.